765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
VIRGIL A. MINCH, PLAINTIFF-APPELLEE,
v.
AWARE, INC./SOUTHEAST, THE AWARE CORPORATION, AND CARL E.
ADAMS, JR., DEFENDANTS-APPELLANTS.
 NO. 83-5899
 United States Court of Appeals, Sixth Circuit.
 5/14/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendants appeal from the judgment in this diversity case involving a claim of breach of the terms of an employment contract. The parties agreed that the substantive law of Tennessee should be applied and proceeded on that basis. On appeal the defendants raised two issues. The first issue relates to the statute of limitations, which the parties agree is a six-year Tennessee statute. The defendants contend that they were entitled to a directed verdict because the evidence showed conclusively that suit was brought beyond the period of six years after the plaintiff knew or should have known that the defendants would not perform the contract in accordance with the plaintiff's claim. The district court submitted the issue to the jury in an interrogatory and the jury found that plaintiff neither knew nor by the exercise of reasonable care should have known of the defendants' refusal to honor his claim until a time which was within six years of the date of filing. Though the evidence to support the plaintiff's argument that the statute of limitations was tolled by continuing discussions between him and the defendants was slight, we defer to the conclusion of the trial judge that it was sufficient to take the question to the jury.
 
 
 2
 The second issue raised on appeal relates to the remedy. The district court bifurcated the trial, submitting the issues related to liability to the jury on interrogatories. Following the jury verdict in favor of the plaintiff, the plaintiff made a motion for specific performance of the contract which the jury had found existed between him and the defendants. The defendants opposed the motion for specific performance, requesting a hearing on the proper measure of damages to compensate the plaintiff for the loss resulting from the breach of contract. After indicating that such a hearing would be held, the district court ultimately issued a judgment requiring specific performance of the contract as interpreted by the court.
 
 
 3
 When the plaintiff was hired by the defendant AWARE, INC. that corporation had 1,000 shares of authorized stock with no par value. In this action the plaintiff claimed that he was promised 23 per cent of the stock in AWARE, INC. as part of the inducement for his employment. Some time after plaintiff left the employment of AWARE, INC., the corporation was reorganized and the name was changed to AWARE, INC./SOUTHEAST. At the same time the authorized stock was increased to 100,000 shares with $1.00 par value. At the time of trial only 16,000 of the authorized shares of AWARE, INC./SOUTHEAST had been issued and 6,570 of those shares were held by the corporation as treasury stock. The judgment of the district court awarded specific performance by which the defendants would be required to issue 23,000 shares, that is 23 per cent of the authorized stock of AWARE, INC./SOUTHEAST to the plaintiff. On appeal the defendants argue that it is manifest that the parties did not intend for the plaintiff to receive 71 per cent of the outstanding shares, which would be the effect of the district court's judgment. They contend that Tennessee law does not permit specific performance when the result is unjust, and that would be the effect of the judgment now on appeal. They maintain that they were entitled to a hearing to establish the proper relief in the event the finding of a breach of contract is upheld.
 
 
 4
 Before this court the plaintiff offered only one decision in support of the district court judgment awarding him 23 per cent of the authorized shares of AWARE, INC./SOUTHEAST. That decision of the Tennessee Supreme Court was rendered in Bedford and Rutherford Counties v. Railroad Company, 82 Tenn. 525 (1884). Our reading of that decision leads us to believe that it does not support the award in the present case. In the railroad case the authorized stock had been increased between the time of the contract and the trial of the breach of contract case. However, the shareholders had received proportionate increases in their holdings and the effect was not, as the judgment in the present case does, to award the plaintiff an amount of stock which bore no relationship to the holdings of the parties at the time the contract was made and breached.
 
 
 5
 Upon consideration of the entire case we conclude that the record does not support the award embodied in the judgment of the district court. The district court should have conducted a hearing and considered the contention of the defendants that this is not a proper case for specific performance and that if specific performance is permitted, the decree entered by the court is inequitable and does not carry out the intention of the parties. Once the trial was bifurcated it was error to make a decision with respect to a remedy without considering any of these issues.
 
 
 6
 The judgment of the district court is affirmed to the extent that it found a breach of contract pursuant to the jury's response to interrogatories. In all other respects the judgment is vacated and the cause is remanded to the district court for further proceedings consistent with this opinion.